UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIANN PERNA, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 17-cv-11643-IT |
| | * |
| JOSE F. MARTINEZ, MASSACHUSETTS TRIAL | * |
| COURT DEPARTMENT, NEW HAMPSHIRE | * |
| DEPARTMENT OF CORRECTIONS, AND | * |
| STRAFFORD COUNTY HOUSE OF | * |
| CORRECTIONS, | * |
| | * |
| Defendants. | * |

ORDER

August 28, 2018

TALWANI, D.J.

After considering the Magistrate Judge's July 5, 2018, Report and Recommendation [#61], and noting that no objections have been filed as to the recommendations regarding Defendant New Hampshire Department of Corrections' Motion to Dismiss [#16], and Defendant Massachusetts Trial Court Department's Motion to Dismiss [#18], the court hereby ACCEPTS and ADOPTS the Report and Recommendation [#61] as to those motions for those reasons set forth therein.

After considering Plaintiff's Objections [#63] as to the Magistrate Judge's recommendation regarding Defendant Strafford County House of Corrections' ("Strafford County") Motion to Dismiss [#12], and Defendant Strafford County's Reply [#66], the court ACCEPTS and ADOPTS in part and DECLINES TO ADOPT in part the Report and Recommendation [#61] as for the following reasons:

The Magistrate Judge correctly found that Plaintiff failed to identify any of Strafford County official policy or custom that caused the purported constitutional violation. See R. & R. 13–17 [#61]; see also Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").[1] Although "[a] single decision by a municipal policymaker constitutes official policy . . . where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered," Freeman v. Town of Hudson, 714 F.3d 29, 38 (1st Cir. 2013) (internal quotation marks and citation omitted), Plaintiff has provided no facts from which the court can reasonably infer that the "representatives" identified in Plaintiff's Complaint ¶ 9 [#1], and named in Plaintiff's proposed First Amended Complaint For Damages [#53-1], had final policymaking authority. See R. & R. 17 [#61]. Therefore, the court ACCEPTS and ADOPTS the Report and Recommendation [#61] as it relates to Strafford County's Motion to Dismiss [#12] Plaintiff's § 1983 claim, and DENIES Plaintiff's respective Objections [#63].[2]

---

[1] Plaintiff argues that it "should have been allowed discovery so as to determine the decision-making authority of the Program Administrator [named in its proposed First Amended Complaint]" Pl.'s Obj. 2 [#63]. But, when advancing a "final authority" theory of municipal liability, Plaintiff's Complaint itself must identify some state law, "including valid local ordinances and regulations," Walden v. City of Providence, 596 F.3d 38, 56 (1st Cir. 2010) (quoting City of St. Louis v. Praprotnik, 495 U.S. 112, 125 (1988)), establishing policymaking authority of the named individuals, see Freeman, 714 F.3d at 38.

[2] Because the court dismisses Plaintiff's § 1983 claim for failing to identify an offending Stafford County policy or custom, the court need not reach Plaintiff's Objections [#63] to the Magistrate Judge's recommendation that Plaintiff's § 1983 claim is barred by the applicable statute of limitations. See R. & R. 17–23 [#61].

The Magistrate Judge also recommended that the court dismiss as untimely Plaintiff's common law negligence claim against Strafford County, see R. & R. 23 [#61]. The Magistrate Judge correctly noted that Plaintiff's claim is based on Strafford County's liability for harm caused by the failure of its employees to report former-court-officer Jose Martinez's 2009 sexual misconduct to the proper authorities, including to Defendant Massachusetts Trial Court Department. See id. at 22. But, Plaintiff's negligence claim is not time barred for two reasons.

First, although Plaintiff reported the sexual assaults in 2009 to representatives from Strafford County, Compl. ¶ 9 [#1], Plaintiff was only harmed by Stafford County's failure to notify authorities when Plaintiff was again sexually assaulted by Martinez at the Lawrence District Court in September 2014. Id. ¶¶ 11–12. Plaintiff's right of action for her state law negligence claim accrued when Plaintiff suffered that injury. See Dumas v. Hartford Acc. & Indem. Co., 92 N.H. 140, 26 A.2d 361, 362 (1942), overruled on other grounds by Dumas v. State Farm Mut. Auto Ins. Co, 111 N.H. 43, 274 A.2d 781 (1971) ("A right of action for negligence accrues only when the plaintiff has suffered an injury. The possibility of injury is not injury itself." (citing White v. Schnoebelen, 91 N.H. 273, 18 A.2d 185, 186 (1941))). As Plaintiff filed her Complaint [#1] on August 31, 2017, within three years of her injuries, it is not barred by the statute of limitations. See N.H. Rev. Stat. Ann. § 505–B:7 (2018) (three-year limitations period applies for actions against governmental units).

Second, even assuming, as the Magistrate Judge did, that Plaintiff's injury was Strafford County's failure to report Martinez's 2009 misconduct rather than the later suffered harm, see R. & R. 22 [#61], Plaintiff's negligence is not time-barred. In New Hampshire, the discovery rule tolls the limitations period until "the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal connection to the act or omission complained

3

of." N.H. Rev. Stat. § 508:4 (2018). The Magistrate Judge reasoned that "[a]n almost five-year time period during which no [Strafford County] or other government official contacted plaintiff is too long a period of time to reasonably assume the matter was reported." R. & R. 22 [#61]. But "giv[ing] the plaintiff the benefit of all reasonable inferences"—as we must on a Rule 12(b)(6) motion to dismiss, Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007)—Plaintiff had no reason to know that Strafford County did not notify Defendant Massachusetts Trial Court Department until she again encountered Martinez at the Lawrence District Court in 2014. Any report made by Strafford County to the Massachusetts Trial Court Department was likely to have been handled as an internal employee disciplinary matter. There was no basis for assuming that the complainant would have been given notice, or in the exercise of reasonable diligence should have discovered, the outcome of that proceeding. The statute of limitations was thus tolled until Plaintiff discovered in 2014 Strafford County's failure to report her 2009 sexual assault allegations. Therefore, the court DECLINES TO ADOPT the Report and Recommendation [#61] as to Plaintiff's negligence claim.

Defendant Strafford County's Motion to Dismiss [#12] raised additional arguments as to the negligence claim that were not reached by the Magistrate Judge. If Strafford County seeks a ruling on these grounds, it may promptly file a second motion to dismiss limited to these issues.

For the foregoing reasons, the court ADOPTS in part and DECLINES TO ADOPT in part the Magistrate Judge's Report and Recommendation [#61] as set forth herein: Defendant New Hampshire Department of Corrections' Motion to Dismiss [#16] and Defendant Massachusetts Trial Court Department's Motion to Dismiss [#18] are ALLOWED. Defendant Strafford County's Motion to Dismiss [#12] is ALLOWED as to Plaintiff's § 1983 claim,

4

DENIED as to the statute of limitations bar on Plaintiff's negligence claim based on failure to report the 2009 sexual assault allegations, and is otherwise DENIED without prejudice.

IT IS SO ORDERED.

August 28, 2018

/s/ Indira Talwani
United States District Judge